UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JASON HAMPTON, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   Case No. 4:23-cv-00083-SEB-KMB |
| AMERICREW, INC., | ) ) ) |
|       Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, AmeriCrew, Inc. ("Defendant" or "AmeriCrew"), by counsel, for its Answer and Affirmative Defenses to the COMPLAINT FOR DAMAGES (the "Complaint") filed by Plaintiff, Jason Hampton ("Plaintiff" and/or "Hampton"), states as follows:

### PARTIES

1. Plaintiff, Jason Hampton, is a resident of Floyd County, State of Indiana, whose address is 205 Captain Frank Road, New Albany, Indiana 47150.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 of the Complaint and therefore denies the same.

2. Defendant, AmeriCrew, Inc., is a Delaware corporation whose principal office address is 21 Omaha St., Dumont, NJ 07628, and whose resident agent for service of process in the State of Indiana is Corporation Service Company, 135 North Pennsylvania St., Suite 1610, Indianapolis, Indiana 46204.

**ANSWER:** Defendant admits the averments contained in Paragraph 2 of the Complaint.

## FACTS COMMON TO ALL COUNTS

3. On January 27, 2022, AmeriCrew extended an offer of employment to Jason Hampton, memorialized in an offer letter ("Offer Letter"). This Offer Letter is attached as **Exhibit A**.

**ANSWER:** In response to the averments contained in Paragraph 3 of the Complaint, Defendant states that **Exhibit A** is a document that speaks for itself and denies all other averments in Paragraph 3 of the Complaint.

4. The terms of this offer of employment included the following:

    a. Starting annual salary of $105,000 for 6 months, then increasing in month 7 to $120,000 annually;

    b. Jason Hampton would receive "20,000 share and 20,000 warrants – taxes paid by AmeriCrew";

    c. Jason Hampton would be eligible to participate "in the annual bonus program with a bonus structure of 15%.";

    d. "Eligible to participate in the Long-Term Incentive Program once established.";

    e. Company Truck and Gas Card.

**ANSWER:** In response to the averments contained in Paragraph 4 of the Complaint, Defendant states that **Exhibit A** is a document that speaks for itself and denies all other averments in Paragraph 4 of the Complaint.

5. Jason Hampton accepted the offer and began working for AmeriCrew as its "Director of Construction Indiana" on January 31, 2022.

**ANSWER:** In response to the averments contained in Paragraph 5 of the Complaint Defendant admits that Hampton began working for AmeriCrew as its "Director of Construction Indiana" on January 31, 2022.

6. During his employment with AmeriCrew, Jason Hampton utilized and stored on company computers a database of subcontractors ("Subcontractor Database") which he had developed and cultivated over his decades of prior work in the field.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Complaint and therefore denies the same.

7. Jason Hampton's Subcontractor Database derived independent, economic value to Jason Hampton by not being generally know and not readily ascertainable by proper means, and Jason Hampton took reasonable efforts to maintain the secrecy of his Subcontractor Database.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of the Complaint and therefore denies the same.

8. During his employment with AmeriCrew, Jason Hampton never received his 20,000 shares or 20,000 "warrants" (stock options) promised in his employment offer, which he had accepted without amendment.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of the Complaint and therefore denies the same.

9. At the time he was hired at AmeriCrew, AmeriCrew's stocks were publicly traded and were valued at approximately $1.50 per share.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 of the Complaint and therefore denies the same.

10. During his employment with AmeriCrew, Jason Hampton was never given the opportunity to enroll in any "annual bonus program."

**ANSWER:** In response to the averments contained in Paragraph 10 of the Complaint, Defendant states that while Mr. Hampton was "*eligible to participate in the Company's "annual bonus program;"* however, no "annual bonus program" was ever established.

11. During his employment with AmeriCrew, Jason Hampton was never given the opportunity to enroll in any "Long-Term Incentive Program."

**ANSWER:** In response to the averments contained in Paragraph 11 of the Complaint, Defendant states that while Mr. Hampton was "*eligible to participate in the Company's "Long-Term Incentive Program;"* however, no "Long-Term Incentive Program" was ever established.

12. During his employment with AmeriCrew, Jason Hampton was not provided a "Company Truck" or "Gas Card," and had to use his personal vehicle for extensive business travel around the State of Indiana.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12 of the Complaint and therefore denies the same.

13. On November 29, 2022, Jason Hampton was terminated without cause.

**ANSWER:** Defendant denies the averments contained in Paragraph 13 of the Complaint.

14. Following his termination, AmeriCrew retained an electronic copy of Jason Hampton's Subcontractor Database and, upon information and belief, continued to utilize it for AmeriCrew's financial benefit.

**ANSWER:** Defendant denies the averments contained in Paragraph 14 of the Complaint.

15. At the time of his termination, Jason Hampton was owed pay for 2 weeks of accrued vacation leave, valued at $4,615.38.

**ANSWER:** Defendant denies the averments contained in Paragraph 15 of the Complaint.

16. Despite his requests for the compensation he was owed, Jason Hampton was not compensated for his accrued vacation leave, stocks, stock options, bonuses, or travel reimbursements within the time required under Ind. Code 22-2-9-2. AmeriCrew failed to provide him with any notice as to why Jason Hampton was not compensated for these earned wages.

**ANSWER:** Defendant denies the averments contained in Paragraph 16 of the Complaint.

17. So, Jason Hampton retained the law firm of Lorch Naville Ward, LLC ("LNW") to assist him in enforcing his employment contract. On December 13, 2022, Jason Hampton's attorney sent a letter to AmeriCrew demanding Jason Hampton be paid his promised compensation. A copy of this letter ("Demand Letter") is attached as **Exhibit B**.

**ANSWER:** In response to the averments contained in Paragraph 17 of the Complaint, Defendant states that **Exhibit B** is a document that speaks for itself and denies all other averments in Paragraph 17 of the Complaint.

18. AmeriCrew issued a letter in response ("Response Letter") on December 23, 2022, a copy of which is attached as **Exhibit C**.

**ANSWER:** In response to the averments contained in Paragraph 18 of the Complaint, Defendant states that **Exhibit C** is a document that speaks for itself and denies all other averments in Paragraph 18 of the Complaint.

19. In its Response Letter, AmeriCrew admitted Jason Hampton was owed 20,000 shares and 20,000 warrants and acknowledged they had not yet been provided.

**ANSWER:** In response to the averments contained in Paragraph 19 of the Complaint, Defendant states that the Response Letter is a document that speaks for itself and denies all other averments in Paragraph 19 of the Complaint.

20. In its Response Letter, AmeriCrew admitted that it had never created any long term incentive plan. Upon information and belief, AmeriCrew still has not and never had any intention of creating one at the time it made its offer of employment to Jason Hampton.

**ANSWER:** In response to the averments contained in Paragraph 20 of the Complaint, Defendant states that the Response Letter is a document that speaks for itself and denies all other averments in Paragraph 20 of the Complaint.

21. In its Response Letter, AmeriCrew it admitted it has no "Annual Bonus Program," despite the inclusion of this as part of their offer to Jason Hampton to induce his employment.

**ANSWER:** In response to the averments contained in Paragraph 21 of the Complaint, Defendant states that the Response Letter is a document that speaks for itself and denies all other averments in Paragraph 21 of the Complaint.

22. AmeriCrew's shares are publicly traded. However, AmeriCrew never provided Jason Hampton with tradable shares of AmeriCrew stock. Instead, after receiving the Demand Letter from Jason Hampton's attorney, AmeriCrew sent Jason Hampton purported "Stock Certificates" with terms and restrictions that prohibit Jason Hampton from trading or selling them and limiting their value to 1/10 of one cent per share.

**ANSWER:** Defendant denies the averments contained in Paragraph 22 of the Complaint.

23. At present, AmeriCrew's shares are trading at approximately $2.10 per share.

**ANSWER:** Defendant denies the averments contained in Paragraph 23 of the Complaint.

24. After receiving the Demand Letter from Jason Hampton's attorney, AmeriCrew sent Jason Hampton a purported "Common Stock Purchase Warrant" authorizing Jason Hampton to purchase AmeriCrew shares at $1.9032 per share. This is far above the approximate $1.50 market price at which Jason Hampton could have purchased publicly-traded AmeriCrew shares at the time he was hired.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 of the Complaint and therefore denies the same.

25. In addition, to date AmeriCrew still has not provided Jason Hampton: (a) any compensation for the non-existent bonus program, (b) any compensation to cover the taxes relating to the stock compensation, (c) any compensation for mileage, or (d) any compensation for the long-term incentive program.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 25 of the Complaint and therefore denies the same.

### CLAIMS

<u>Count I: Violations of I.C. § 22-2-5-1, *et seq.* I.C. § 22-2-9-1, *et seq.*</u>

26. Plaintiff incorporates the preceding allegations as if set forth fully herein.

**ANSWER:** Defendant incorporates by reference its responses to the allegations contained in all previous paragraphs.

27. Jason Hampton is an "exempt" employee who is not "eligible for overtime compensation under the Fair Labor Standards Act (29 U.S.C. 201 et seq.)." I.C. § 22-2-5-1.1. Therefore, his compensation is subject to the requirement of I.C. § 22-2-5.

**ANSWER:** Defendant denies the averments in Paragraph 27 of the Complaint because it states one or more legal conclusions to which no response is required.

28. The value of Jason Hampton's claim for improperly withheld wages is for more than $6,000 and is therefore ineligible for assignment to and enforcement by the Indiana Department of Labor. I.C. § 22-2-9-5.

**ANSWER:** Defendant denies the averments contained in Paragraph 28 of the Complaint.

29. AmeriCrew is an "employer" as that term is defined in I.C. § 22-2-9-1 and is therefore subject to the wage requirements of I.C. § 22-2-9.

**ANSWER:** Defendant denies the averments in Paragraph 29 of the Complaint because it states one or more legal conclusions to which no response is required.

30. By the above-stated conduct, AmeriCrew has unlawfully withheld from Jason Hampton "wages" as that term is defined in I.C. § 22-2-5-1, in violation of I.C. § 22-2-5-1, *et seq*.

**ANSWER:** Defendant denies the averments contained in Paragraph 30 of the Complaint.

31. AmeriCrew failed to provide Jason Hampton with the requisite notice required under I.C. § 22-2-9-3.

**ANSWER:** Defendant denies the averments contained in Paragraph 31 of the Complaint.

32. By the above-stated conduct, AmeriCrew has violated I.C. § 22-2-9-1, *et seq*.

**ANSWER:** Defendant denies the averments contained in Paragraph 32 of the Complaint.

33. Pursuant to I.C. § 22-2-5-1, Jason Hampton is entitled to recover from AmeriCrew his attorneys' fees and costs, plus a penalty equal to two (2) times the value of the wages improperly withheld.

**ANSWER:** Defendant denies the averments contained in Paragraph 33 of the Complaint.

### Count II: Breach of Contract

34. Plaintiff incorporates the preceding allegations as if set forth fully herein.

**ANSWER:** Defendant incorporates by reference its responses to the allegations contained in all previous paragraphs.

35. By the above-stated conduct, AmeriCrew breached its contract with Jason Hampton.

**ANSWER:** Defendant denies the averments contained in Paragraph 35 of the Complaint.

### Count III: Fraud in the Inducement

36. Plaintiff incorporates the preceding allegations as if set forth fully herein.

**ANSWER:** Defendant incorporates by reference its responses to the allegations contained in all previous paragraphs.

37. AmeriCrew knew it had no "long term incentive program" – and had no intention of creating any such program – at the time it made its offer of employment to Jason Hampton.

**ANSWER:** Defendant denies the averments contained in Paragraph 37 of the Complaint.

38. AmeriCrew knew it had no "annual bonus program" – and had no intention of creating any such program – at the time it made its offer of employment to Jason Hampton.

**ANSWER:** Defendant denies the averments contained in Paragraph 38 of the Complaint.

39. As such, AmeriCrew knowingly or recklessly made material misrepresentations of past or existing facts upon which Jason Hampton relied in accepting employment with AmeriCrew.

**ANSWER:** Defendant denies the averments contained in Paragraph 39 of the Complaint.

40. Upon information and belief, AmeriCrew terminated Jason Hampton's employment before his employment anniversary for the purpose of avoiding any claim he might have to a 15% "annual bonus" on contracts which AmeriCrew secured or was in the process of securing as result of Jason Hampton's efforts and business connections.

**ANSWER:** Defendant denies the averments contained in Paragraph 40 of the Complaint.

41. By the above-referenced conduct, AmeriCrew engaged in fraud in the inducement.

**ANSWER:** Defendant denies the averments contained in Paragraph 41 of the Complaint.

42. Jason Hampton is therefore entitled to compensatory damages, punitive damages, and attorneys' fees.

**ANSWER:** Defendant denies the averments contained in Paragraph 42 of the Complaint.

### Count IV: Misappropriation of Trade Secrets

43. Plaintiff incorporates the preceding allegations as if set forth fully herein.

**ANSWER:** Defendant incorporates by reference its responses to the allegations contained in all previous paragraphs.

44. Jason Hampton's Subcontractor Database is a "trade secret" as that term is defined by I.C. § 24-2-3-2.

**ANSWER:** Defendant denies the averments contained in Paragraph 44 of the Complaint.

45. By the above-stated conduct, AmeriCrew misappropriated Jason Hampton's Subcontractor Database in violation of I.C. § 24-2-3-1, *et seq*.

**ANSWER:** Defendant denies the averments contained in Paragraph 45 of the Complaint.

46. Jason Hampton is entitled to injunctive relief, prohibiting AmeriCrew from continuing to use his Subcontractor Database.

**ANSWER:** Defendant denies the averments contained in Paragraph 46 of the Complaint.

47. Pursuant to I.C. § 24-2-3-4(a) and (b), Jason Hampton is entitled to compensatory damages and/or royalties for AmeriCrew's misappropriation of his Subcontractor Database.

**ANSWER:** Defendant denies the averments contained in Paragraph 47 of the Complaint.

48. Pursuant to I.C. § 24-2-3-4(c), AmeriCrew is subject to exemplary damages equal to twice Jason Hampton's compensatory damages.

**ANSWER:** Defendant denies the averments contained in Paragraph 48 of the Complaint.

49. Pursuant to I.C. § 24-2-3-5, Jason Hampton is entitled to recover his attorneys' fees and costs of litigation.

**ANSWER:** Defendant denies the averments contained in Paragraph 49 of the Complaint.

### Count V: Conversion

50. Plaintiff incorporates the preceding allegations as if set forth fully herein.

**ANSWER:** Defendant incorporates by reference its responses to the allegations contained in all previous paragraphs.

51. By exercising unauthorized control over Jason Hampton's Subcontractor Database, AmeriCrew committed the tort of conversion.

**ANSWER:** Defendant denies the averments contained in Paragraph 51 of the Complaint.

52. Jason Hampton is entitled to compensatory damages for conversion of his intellectual property – i.e., the Subcontractor Database.

**ANSWER:** Defendant denies the averments contained in Paragraph 52 of the Complaint.

53. Jason Hampton is entitled to punitive damages for conversion of his intellectual property – i.e., the Subcontractor Database.

**ANSWER:** Defendant denies the averments contained in Paragraph 53 of the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred by accord and satisfaction.

2. Plaintiff's Complaint fails to state claims upon which relief may be granted.

3. Plaintiff's claims are barred by the doctrine of laches.

4. Plaintiff's claims are barred by the doctrine of unclean hands.

5.  Plaintiff's claims are barred by the doctrine of waiver.

6.  Plaintiff's claims are barred by the doctrine of estoppel.

7.  Plaintiff's claims are barred for failure of consideration.

8.  Plaintiff has breached his obligations to AmeriCrew and such breaches render any obligations of AmeriCrew to Plaintiff void and unenforceable.

9.  As set forth herein, Plaintiff is liable to AmeriCrew for damages, which must be offset against any amounts that AmeriCrew is found to owe Plaintiff.

10.  Any actions taken by AmeriCrew were justified or excused.

11.  AmeriCrew denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

12.  AmeriCrew hereby reserves the right to raise additional defenses as discovery progresses.

WHEREFORE, Defendant, AmeriCrew, Inc., respectfully requests the Court to enter judgment in its favor and against Plaintiff on his Complaint; to award it all attorneys' fees and costs in defending this action; and to grant it any and all other appropriate relief.

## COUNTERCLAIMS

Counterclaim Plaintiff, AmeriCrew, Inc. ("AmeriCrew"), by counsel, for its Counterclaims against Counterclaim Defendant, Jason Hampton ("Hampton"), states as follows:

## COUNT I: THEFT

1.  Hampton took AmeriCrew's assets including AmeriCrew's white flatbed trailer and asserted unauthorized control over AmeriCrew's assets with the intent to deprive AmeriCrew of their value, thereby committing theft pursuant to Ind. Code § 35-43-4-2.

2.  Pursuant to Ind. Code § 34-24-3-1, AmeriCrew is entitled to recovery of three (3)

times its actual damages, costs, and attorneys' fees.

## COUNT II: CONVERSION

3. AmeriCrew incorporates the foregoing paragraphs as if fully set forth herein.

4. When Hampton took AmeriCrew's assets, Hampton asserted unauthorized control over AmeriCrew's assets, thereby committing conversion pursuant to Ind. Code § 35-43-4-1.

5. Pursuant to Ind. Code § 34-24-3-1, AmeriCrew is entitled to recovery of three (3) times its actual damages, costs, and attorneys' fees.

## COUNT III: BREACH OF DUTY OF LOYALTY

6. AmeriCrew incorporates the foregoing paragraphs as if fully set forth herein.

7. Hampton, as an employee of AmeriCrew owed to AmeriCrew a duty of loyalty to act honestly and in good faith while carrying out his duties in the best interests of AmeriCrew.

8. Hampton breached his duty of loyalty when he took AmeriCrew's assets, tortiously interfered with AmeriCrew's customers and/or employee relationships, communicated to AmeriCrew's employees, professional contacts and customers that AmeriCrew was engaged in illegal, improper or unethical business practices, worked only ten (10) hours per week and worked for another employer while he was a full-time employee for AmeriCrew.

9. AmeriCrew has suffered damages as a result of Hampton's wrongful conduct.

10. The foregoing wrongful conduct was willful, malicious, and intentionally harmful, entitling AmeriCrew to recover punitive damages, costs, and attorneys' fees.

## COUNT IV: DEFAMATION

11. AmeriCrew incorporates the foregoing paragraphs as if fully set forth herein.

12. Hampton communicated to AmeriCrew's employees, professional contacts and customers that AmeriCrew has engaged in illegal, improper or unethical business practices.

13. Hampton communicated to AmeriCrew's employees, professional contacts and customers that AmeriCrew was engaged in professional misconduct.

14. These statements were false.

15. Hampton knew the statements were false.

16. These statements tend to harm AmeriCrew's reputation and tend to lower AmeriCrew in the estimation of the community.

17. The recipients of the statements reasonably understood that the false statements referred to AmeriCrew.

18. AmeriCrew was harmed as a result of the false statements.

## COUNT V: DEFAMATION *PER SE*

19. AmeriCrew incorporates the foregoing paragraphs as if fully set forth herein.

20. Hampton communicated to AmeriCrew's employees, professional contacts and customers that AmeriCrew has engaged in illegal or unethical business practices.

21. Hampton communicated to AmeriCrew's professional contacts that AmeriCrew was engaged in professional misconduct.

22. These statements were false.

23. Hampton knew the statements were false.

24. These statements tend to harm AmeriCrew's reputation and tend to lower AmeriCrew in the estimation of the community.

25. The recipients of the statements reasonably understood that the false statements referred to AmeriCrew.

26. AmeriCrew was harmed as a result of the false statements.

WHEREFORE, Counterclaim Plaintiff, AmeriCrew, Inc., respectfully requests the Court to enter judgment in its favor and against Counterclaim Defendant, Jason Hampton, in an amount commensurate with its damages, for costs and disbursements, and for all other relief just and proper in the premises.

                                      Respectfully submitted,

                                      MORSE & BICKEL, P.C.

                                      */s/ John J. Morse*
                                      John J. Morse, Atty. No. 16146-49

                                      *Attorney for Defendant/Counterclaim Plaintiff, AmeriCrew, Inc.*

MORSE & BICKEL, P.C.
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN  46201
Phone: (317) 686-1540
Fax: (317) 630-2790
Morse@MorseBickel.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 31st day of May 2023, a copy of the above and foregoing document was filed electronically. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      */s/ John J. Morse*
                                      John J. Morse